# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF FLORIDA – FORT MYERS DIVISION

**Andrew Bryant Sheets,**   Plaintiff,

v.                                              Case No. 2:25-cv-00583-SPC-KCD

**William Gorman, et al.,**   Defendants.

---

# PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT UNDER FED. R. CIV. P. 60(b)(1) AND (6)

---

## I. INTRODUCTION

Plaintiff moves, pursuant to Federal Rule of Civil Procedure 60(b)(1) and (6), to vacate the Court's Order of Dismissal entered July 8, 2025 (Doc. 3). Relief is warranted because the dismissal resulted from clerical and administrative error on the part of the Court—not from any fault, neglect, or delay by Plaintiff—and because that error deprived Plaintiff of his statutory right under 28 U.S.C. § 1915 and his constitutional right of access to the courts. Rule 60(b) authorizes relief where, as here, the judgment was entered through mistake or oversight that produces manifest injustice.

## II. FACTUAL BACKGROUND

1. On July 3, 2025, Plaintiff electronically filed a civil-rights complaint under 42 U.S.C. § 1983 through the Court's CM/ECF (electronic filing) portal. The docket (Doc. 1) confirms that the complaint was accepted on that date—**the final day of the four-year statute of limitations** applicable to § 1983 actions arising in Florida.

2. During electronic submission, the filing portal prompted Plaintiff to indicate whether he intended to pay the filing fee or file an application to proceed *in forma pauperis* ("IFP"). Plaintiff elected to proceed IFP and expected to receive standard instructions or a deficiency notice from the Clerk's Office.

3. Before any such notice or deadline to cure was issued, the Court *sua sponte* dismissed the case on July 8, 2025 for "failure to pay the filing fee," and directed that the action be closed without prejudice.

4. The Clerk did not issue the deficiency notice required by **Local Rule 1.07(c)** and **Federal Rule of Civil Procedure 5(d)(4)**, and the Court did not provide the reasonable time to cure required under **28 U.S.C. § 1915(a)**.

5. Acting diligently and in good faith, Plaintiff refiled the same complaint eight days later, on July 11, 2025, in an effort to preserve his timely claims.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) permits a court to relieve a party from a final judgment entered through mistake or other exceptional circumstances. Specifically, Rule 60(b)(1) allows relief for "mistake, inadvertence, surprise, or excusable neglect," while Rule 60(b)(6) extends to "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6).

A motion under subsections (1)–(3) must be filed within one year after entry of judgment, and all Rule 60(b) motions must be brought within a "reasonable time." Fed. R. Civ. P. 60(c)(1). Relief is appropriate where the record shows the judgment resulted from a **court or clerk error**, rather than a party's own conduct. See *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380(1993); *United States v. Davenport*, 668 F.3d 1316(11th Cir. 2012)

### A. The Dismissal Resulted from Court Error, Not Plaintiff Neglect

Federal Rule of Civil Procedure 5(d)(4) expressly provides that *"[t]he clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules."* Likewise, Local Rule 1.07(c) of the Middle District of Florida mandates that a litigant who cannot prepay the filing fee must be permitted to submit an application to proceed *in forma pauperis*.

Here, the Court dismissed Plaintiff's complaint before affording him any opportunity to comply with those requirements—constituting a clear administrative error, not neglect or delay by Plaintiff. Such premature dismissal falls squarely within the scope of "mistake" contemplated by Rule 60(b)(1), which authorizes relief when a judgment results from the Court's own oversight or misapplication of procedural rules. See *United States v. Davenport*, 668 F.3d 1316(11th Cir. 2012) (Rule 60(b)(1) relief appropriate where "the record reveals a judicial mistake of law or fact").

## B. The Error Violated Plaintiff's Statutory Right to Seek IFP Status

Congress enacted 28 U.S.C. § 1915(a) to ensure that indigent litigants have equal access to the federal courts by authorizing them to commence civil actions "without prepayment of fees or costs" upon submission of an affidavit of assets. This statutory protection is mandatory, not discretionary: a court must allow the filing of an *in forma pauperis* affidavit before dismissing a complaint for nonpayment.

By closing the case outright without affording Plaintiff that opportunity, the Court deprived him of the procedural mechanism Congress expressly guarantees and, in doing so, effectively denied Plaintiff's right of access to the courts secured by the Due Process Clause. See *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (recognizing § 1915 as designed to "ensure that indigent litigants have meaningful access to the federal courts").

## C. Relief Is Also Warranted Under Rule 60(b)(6) to Prevent Manifest Injustice

Rule 60(b)(6) grants courts broad equitable authority to vacate a judgment in "extraordinary circumstances" where necessary to prevent manifest injustice. *Klapprott v. United States*, 335 U.S. 601 (1949). Relief is especially appropriate where a procedural irregularity—beyond the litigant's control—has deprived a party of any opportunity for adjudication on the merits. See *Griffin v. Swim-Tech Corp.*, 722 F.2d 677(11th Cir. 1984) (recognizing Rule 60(b)(6) as a "grand reservoir of equitable power" to prevent injustice).

Here, Plaintiff acted with diligence and good faith: he refiled his complaint only eight days after the erroneous dismissal, seeking merely to continue a timely and meritorious civil-rights claim. Granting relief will not prejudice any party and will simply restore the case to the procedural posture it should have occupied had the Court followed the proper procedures under § 1915 and Local Rule 1.07(c).

## V. RELIEF REQUESTED

Plaintiff respectfully asks that the Court:

    1. Vacate the July 8 2025 Order of Dismissal (Doc. 3);

2. Reinstate the complaint as of its original filing date, July 3 2025;

3. Direct the Clerk to reopen the case and permit Plaintiff to either pay the filing fee or submit a completed AO-239 *in forma pauperis* application within 14 days; and

4. Grant any further relief the Court deems just and proper.

---

## VI. CONCLUSION

Because the July 8 2025 dismissal resulted from a clear administrative mistake and deprived Plaintiff of the procedural protections guaranteed by statute, rules, and due process, relief under Rule 60(b)(1) and (6) is both timely and necessary to prevent manifest injustice.

Respectfully submitted,

/s/ **Andrew Bryant Sheets**

11408 Pepperdine St.

Punta Gorda, FL 33955

Pro Se Plaintiff

10/21/2025

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10/21/2025 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system,

David R. Jadon, Esquire

Florida Bar No.: 1010249

Roper, Townsend & Sutphen, P.A.

255 S. Orange Avenue, Suite 750

Orlando, FL 32801

Telephone: (407) 897-5150

Facsimile: (407) 897-3332

Primary: djadon@roperpa.com

Secondary: lramirez@roperpa.com